The People of the State of New York, Respondent,
against
John Rinaldi, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin B. McGrath, J.), rendered June 17, 2016, after a nonjury trial, convicting him of stalking in the fourth degree (two counts), harassment in the first degree, and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered June 17, 2016, affirmed. 
The verdict convicting defendant of two counts of fourth degree stalking (see Penal Law § 120.45[1],[2]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's determinations concerning credibility. Ample evidence supported the conclusion that defendant engaged in a course of conduct from November 2013 through May 2015 that was reasonably likely to cause reasonable fear of material harm to the physical health or safety of the complainant, actress Brooke Shields (see People v Polanco, 57 Misc 3d 140[A], 2017 NY Slip Op 51348[U] [App Term, 1st Dept 2017]).
Contrary to defendant's contention, the "reasonable fear" and "no legitimate purpose" elements of the offense were established by the testimony of the complainant and additional eye-witnesses, who testified that defendant repeatedly appeared at and lingered around Shields' home; followed her when she left her house; ignored numerous warnings by family, security and the police to stop contacting her; parked near her home for days at a time and slept in his car; and sent her unwanted communications, including a letter with a shirtless photograph of himself and an email to her publicist in which defendant referenced an actress that had been murdered by a stalker. The court could rationally infer that defendant's conduct was designed to hound, frighten, intimidate and threaten (see People v Stuart, 100 NY2d 412, 428 [2003]).
There was also a valid line of reasoning and permissible inferences from which the court could have determined that defendant's guilt of harassment in the first degree (Penal Law § [*2]240.25) and harassment in the second degree (Penal Law § 240.26[3]) was proven beyond a reasonable doubt (see People v Danielson, 9 NY3d at 349).
Defendant's remaining arguments, to the extent preserved for appellate review, have been considered and found to be unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 17, 2018